IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WILLIAMS<br>2243 West Allegheny Ave., Apt. 601<br>Philadelphia, Pa.  19132 | : CIVIL ACTION NO. 13-207<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED |
| v. | : |
| | : |
| CITY OF PHILADELPHIA<br>One Parkway<br>1515 Arch Street<br>Philadelphia, Pa. 19102<br>    and<br>POLICE OFFICER ANDRE BOYER<br>BADGE NO. 4815<br>One Parkway<br>1515 Arch Street<br>Philadelphia, Pa. 19102<br>    and<br>POLICE OFFICER MICHAEL VARGAS<br>BADGE NO. 4097<br>One Parkway<br>1515 Arch Street<br>Philadelphia, Pa. 19102<br>    and<br>POLICE OFFICER ALVIN OUTLAW<br>BADGE NO. 7121<br>One Parkway<br>1515 Arch Street<br>Philadelphia, Pa. 19102<br>    and<br>POLICE OFFICER VICTORIA AYRES<br>BADGE NO. 1422 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

1

| | |
|---|---|
| One Parkway | : |
| 1515 Arch Street | : |
| Philadelphia, Pa. 19102 | : |
|     and | : |
| POLICE OFFICER JAMES CRAIG | : |
| BADGE NO. 7215 | : |
| One Parkway | : |
| 1515 Arch Street | : |
| Philadelphia, Pa. 19102 | : |

## AMENDED COMPLAINT

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §1331 and §1343, and the aforementioned statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this Court under U.S.C. §1367(a) to hear and decide claims arising under state law. Venue is proper in this district under 28 U.S.C. §1391(b).

### THE PARTIES

2. Plaintiff Robert Williams is a 25 year old African-American male who resides at 2243 West Allegheny Avenue, Apartment No. 601, Philadelphia, Pa. 19132. Plaintiff Robert Williams is also known by his stage name, Meek Mill. He is a hip hop recording artist with a recent album that debuted at No.

2 on the US Billboard 200 Chart, and who, among other things, appears and performs all over the world.

3. Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania that maintains, operates, manages, directs and controls the Philadelphia Police Department.

4. Defendant Officer Andre Boyer is, and was at all times relevant hereto, a police officer for the City of Philadelphia, and acting under color of state law and within the scope and course of his employment. He is being sued in both his individual and official capacities.

5. Defendant Officer Michael Vargas is, and was at all times relevant hereto, a police officer for the City of Philadelphia, and acting under color of state law and within the scope and course of his employment. He is being sued in both his individual and official capacities.

6. Defendant Officer Alvin Outlaw is, and was at all times relevant hereto, a police officer for the City of Philadelphia, and acting under color of state law and within the scope and course of his employment. He is being sued in both his individual and official capacities.

7. Defendant Officer Victoria Ayres is, and was at all times

relevant hereto, a police officer for the City of Philadelphia, and acting under color of state law and within the scope and course of her employment. She is being sued in both her individual and official capacities.

8. Defendant Officer James Craig is, and was at all times relevant hereto, a police officer for the City of Philadelphia, and acting under color of state law and within the scope and course of his employment. He is being sued in both his individual and official capacities.

## FIRST CAUSE OF ACTION

## (CIVIL RIGHTS VIOLATION)

9. Prior to October 31, 2012, the defendant City of Philadelphia, through the high command of the Philadelphia Police Department, implemented and enforced a policy and practice of stops, frisks, searches and detentions of persons, including plaintiff, without probable cause or reasonable suspicion as required by the Fourth Amendment to the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution.

10. The stops, frisks, searches and detentions by Philadelphia Police Department officers are often based on constitutionally impermissible considerations of race and/or national origin in violation of the Equal

Protection Clause of the Fourteenth Amendment. The victims of such racial and/or national origin profiling are principally African-American and Latino.

11. These constitutional abuses are directly and proximately caused by policies, practices and/or customs of the defendant City of Philadelphia and members of the high command of the Philadelphia Police Department, including its Commissioner, who have acted with deliberate indifference to the constitutional rights of minority citizens by:

    (a) failing to properly train, supervise and discipline Philadelphia Police Department officers;

    (b) inadequately monitoring Philadelphia Police Department officers and their practices related to pedestrian and vehicle stops;

    (c) failing to properly discipline Philadelphia Police Department officers who engage in constitutional abuses; and

    (d) failing to rectify its unconstitutional

practices of stops, seizures, searches and detentions based on impermissible grounds and/or racial profiling.

12. As a direct and proximate result of these policies, practices and/or customs, thousands of persons, and in particular African-American and Latinos, have been subjected to unconstitutional seizures, frisks, searches and detentions by members of the Philadelphia Police Department.

13. By October 31, 2012, the defendant City of Philadelphia knew that Police Officer Boyer held the distinction of accumulating the most number of civilian complaints of any member of the police force; moreover, as early as 2008, an Internal Affairs' investigation concluded that Police Officer Boyer falsified dozens of arrest reports.

14. On October 31, 2012, at approximately 7:30 P.M., plaintiff was driving a Range Rover SUV when Philadelphia Police Officers Boyer, Vargas and Outlaw, without cause or justification, conducted a motor vehicle stop in the area of 11th Street and Girard Avenue in Philadelphia.

15. Following the vehicle stop, Police Officers Boyer, Vargas and Outlaw handcuffed plaintiff at the scene, transported him in custody to the

22nd Police District, held plaintiff in custody against his will in a jail cell for approximately nine (9) hours, after which time plaintiff was released on November 1, 2012, at 4:30 A.M., without being charged with any criminal activity and having caused plaintiff to miss a private jet and a scheduled promotional appearance in Atlanta, Georgia.

16. While being unlawfully detained in handcuffs inside the Police District, Police Officer Victoria Ayres, in violation of police directive 119 that restricts the use of social media and networking, posted a derogatory text message on her cell phone that was disseminated to other people through her social networking account on "Instagram" mocking plaintiff and saying, "Talk about dreams and nightmares, Meek is sitting in cuffs courtesy of the 22nd District! I'm rollin! Maybe he'll sign our copies."

17. This Instigram message implied that plaintiff was under arrest for committing a crime and was presently in handcuffs inside the 22nd Police District.

18. While being unlawfully detained in handcuffs inside the Police District, Police Officer James Craig, in violation of police directive 119 that restricts the use of social media and networking, surreptitiously took a

7

photograph of plaintiff in handcuffs and then disseminated the photograph to other people by his cell phone and/or over the internet.

19. Contrary to well established and accepted police standards and practices, defendants Boyer, Vargas and Outlaw, intentionally, recklessly and/or with deliberate indifference, caused plaintiff to undergo an unlawful seizure and detention by, among other things, following an unconstitutional stop, frisk, search and detention practice implemented by the high command within the Philadelphia Police Department.

20. Contrary to well established and accepted police standards and practices, defendants Boyer, Vargas and Outlaw, both individually and in complicity with other members of the Philadelphia Police Department, intentionally, recklessly and/or with deliberate indifference, caused the unlawful detention and imprisonment of plaintiff.

21. Contrary to well established and accepted police standards and practices, as well as privacy rights, defendants Craig and Ayres intentionally placed plaintiff in a false and misleading light by photographing him in handcuffs inside the 22nd Police District, and disseminating the photographs and other texting messaging to others by cell phone and/or over the internet.

22. Defendant City of Philadelphia, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including the defendant officers in this case, for violations of the constitutional rights of citizens, thereby causing police officers, including the defendant officers in this case, to engage in the unlawful conduct described above.

23. Defendant City of Philadelphia, as a matter of policy, practice and/or custom, has with deliberate indifference failed to conduct proper and balanced investigations of complaints of unconstitutional pedestrian and vehicle stops, and unreasonable detention of a citizen by police officers, thereby causing and encouraging police officers, including the defendant officers in this case, to engage in the unlawful conduct described above.

24. The acts and omissions of the City of Philadelphia, by and through high ranking officials of the Philadelphia Police Department, constituted institutional deliberate indifference and led directly to the unlawful stop, frisk, search, detention, imprisonment and invasion of privacy of plaintiff.

25. As a direct and proximate result of the above defendants' actions, plaintiff suffered and continued to suffer serious economic and non-

economic losses that include, but are not limited to, the following:

    (a)    the forfeiture of his deposit for the private jet that was booked to fly plaintiff in the evening of October 31, 2012 to a promotional appearance in Atlanta, Georgia;

    (b)    the cancellation of his appearance at the promotional appearance scheduled for the evening of October 31, 2012, in Atlanta, Georgia, requiring plaintiff to refund a personal appearance fee;

    (c)    the loss of numerous sponsorships and endorsements and/or a diminution of sponsorship and endorsement earning capacity;

    (d)    the loss of plaintiff's solitude, seclusion and privacy;

    (e)    the anxiety and embarrassment associated with plaintiff being placed in a false light before members of the public; and

    (f)    the anxiety and embarrassment of being detained, confined and imprisoned against plaintiff's will, all to plaintiff's great financial detriment.

26. As a direct and proximate result of the above defendants' actions, plaintiff was deprived of his rights, privileges and immunities secured by the United States Constitution and the laws and Constitution of the Commonwealth of Pennsylvania, particularly the right to be free from unreasonable seizure, and the right to be free from unlawful detention and imprisonment, in violation of 42 U.S.C. §1983, and the corresponding state civil rights provisions set forth in Article 1, §26 of the Pennsylvania Constitution, all to plaintiff's great financial detriment.

WHEREFORE, plaintiff requests the following relief:

(a) an award of compensatory damages against the defendants, jointly and severally;

(b) an award of punitive damages against defendants Boyer, Vargas and Outlaw; and

(c) an award of reasonable attorney fees and costs against defendants, jointly and severally, pursuant to the lodestar provision of 42 U.S.C. §1988(b).

## SECOND CAUSE OF ACTION

## (FALSE IMPRISONMENT)

27. Plaintiff realleges paragraphs 1 through 26, and incorporates the same herein by reference.

28. The acts and conduct of defendants alleged above caused confinement of plaintiff against his will by overpowering physical force, and caused plaintiff to be imprisoned in a jail cell for approximately nine (9) hours.

WHEREFORE, plaintiff requests the following relief:

(a) an award of compensatory damages against the defendants Boyer, Vargas and Outlaw, jointly and severally; and

(b) an award of punitive damages against the defendants Boyer, Vargas and Outlaw.

## THIRD CAUSE OF ACTION

## (INVASION OF PRIVACY)

29. Plaintiff realleges paragraphs 1 through 28, and incorporates the same herein by reference.

30. By the acts and conduct of defendants Ayres and Craig alleged above, they intentionally caused an unreasonable and highly offensive intrusion into plaintiff's solitude, seclusion and private affairs and/or caused publicity of a matter which placed him before the public in a false and

misleading light, knowing or in reckless disregard of the falsity of the matter or at least the misleading impression caused by photographing plaintiff in handcuffs inside the Police District and/or disseminating the photographs and text messages to other persons and over the social media.

WHEREFORE, plaintiff requests the following relief:

(a) an award of compensatory damages against the defendants Craig and Ayres, jointly and severally;

(b) an award of punitive damages against the defendants Ayres and Craig.

## FOURTH CAUSE OF ACTION

## (CIVIL CONSPIRACY)

31. Plaintiff realleges paragraphs 1 through 30, and incorporates the same herein by reference.

32. The above actions and inactions undertaken by the defendant police officers were the result of the agreement reached among and between them and other unnamed police personnel to obtain the detention and imprisonment of plaintiff without probable cause and to violate his civil and privacy rights.

33. As a direct and proximate result of this conspiracy, combination and agreement of the defendant police officers, plaintiff sustained the damages set forth above.

WHEREFORE, plaintiff requests the following relief:

(a) an award of compensatory damages against the individual defendants, jointly and severally;

(b) an award of punitive damages against the individual defendants.

DENNIS J. COGAN & ASSOCIATES

*Anthony J. Petrone*
_____
DENNIS COGAN
ANTHONY J. PETRONE
2000 Market Street, Suite 2925
Philadelphia, Pa. 19103
215-545-2400
Attorneys for Plaintiff

## VERIFICATION

I, ANTHONY J. PETRONE, ESQUIRE, the plaintiff in the within action, do hereby verify that the statements contained in the attached Amended Civil Action Complaint are true and correct to the best of my knowledge and belief. I also understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn verification to authorities.

*Anthony J. Petrone*
_____
ANTHONY J. PETRONE

DATE:   February 26, 2014

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within <u>Amended Civil Action Complaint</u> was duly served upon the following by first class mail, postage prepaid:

>Amanda C. Shoffel, Esquire
>Deputy City Solicitor
>Civil Rights Unit
>1515 Arch Street
>Philadelphia, Pa. 19102

DENNIS COGAN & ASSOCIATES

*Anthony J. Petrone*
_____
ANTHONY J. PETRONE
2000 Market Street, Suite 2925
Philadelphia, Pa. 19103
215-545-2400
Identification No. 42242
Attorney for Plaintiff

DATE: February 27, 2014