IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WILLIAMS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| THE CITY OF PHILADELPHIA, et. al., | : | No. 13-207 |
| Defendants. | : | |

**ORDER ON PRETRIAL MOTIONS**

AND NOW, on April 23, 2014, it is ORDERED that:

(1) Defendants' Motion to Bifurcate (doc. 24) is DENIED. The City of Philadelphia can be found liable only if the jury finds that one of the Defendant officers violated Plaintiff Robert Williams' constitutional rights. See City of L.A. v. Heller, 475 U.S. 796, 799 (1986) (an "award of damages against a municipal corporation based on the actions of one of its officers" is not authorized "when in fact the jury has concluded that the officer inflicted no constitutional harm"); Grazier v. City of Phila., 328 F.3d 120, 124 n.4 (3d Cir. 2003) (municipality cannot be liable for causing individual employees to commit constitutional violations where those individuals are not found to have caused constitutional harm); but see Fagan v. City of Vineland, 22 F.3d 1283, 1292 (3d Cir. 1994) (carving out an exception to Heller for cases alleging a substantive due process violation). Contrary to Defendants' arguments, much of the evidence concerning Williams' claims against the City is also relevant to Williams' claims against Officer Boyer. See Accompanying Memo. Op. re Motion in Limine to Prelude Evidence of Misconduct. Any unfair prejudice to Officer Boyer does not substantially outweigh the probative value of the evidence. Any danger of juror confusion and unfair prejudice will be ameliorated by appropriate

limiting instructions, see Fed. R. Evid. 105, and a carefully crafted verdict slip. Bifurcating the trial also will not make it more efficient and may impose an undue burden on the jury. Accordingly, I decline to exercise my discretion pursuant to Federal Rule of Civil Procedure 42(b) to bifurcate the trial.

    (2)    Defendants' Motion in Limine to preclude evidence related to prior misconduct by Defendant Police Officers (doc. 31) is GRANTED in part, as stated in the accompanying Memorandum Opinion.

    (3)    Defendants' Motion in Limine to preclude evidence related to damages after the search and seizure warrant was issued (doc. 33) is DENIED. Although a false arrest or imprisonment claim allows for damages only up until issuance of process or arraignment for the arrest, see Wallace v. Cato, 549 U.S. 384, 390 (2007), no such process or arraignment took place here. The Defendant Officers obtained a warrant only to search Williams' car. The Officers did not obtain an arrest warrant for Williams or otherwise begin procedures to arraign him. Williams, therefore, cannot bring a claim for damages stemming from malicious prosecution, as suggested by Defendants.

    (4)    Plaintiff's Amended Motion in Limine to Preclude Expert Testimony (doc. 43) is GRANTED to the extent that Plaintiff agrees that the City's policies and procedures regarding stopping vehicles with heavily tinted windows, using dogs to detect illegal drugs, obtaining and executing search warrants, and any other issues addressed in the report are not at issue in his Monell claim for the City's failure to supervise Officer Boyer.

    BY THE COURT:

    */s/ Timothy R. Rice*
    TIMOTHY R. RICE
    U.S. MAGISTRATE JUDGE